lee, elmer edward v. state 






                     NO. 12-04-00383-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


EMMETT LEE SIMPSON, JR.                        §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of the
offense of aggravated sexual assault of a child and indecency with a child. On February 26, 2004,
punishment was assessed at imprisonment for life and imprisonment for twenty years, respectively. 
            Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless
a motion for new trial is timely filed. Where a timely motion for new trial has been filed, notice of
appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. 
Id. Appellant did not file a motion for new trial. Therefore, his notice of appeal was due to have
been filed on or before February 29, 2004. However, Appellant did not file his notice of appeal until 
December 2, 2004. Moreover, Appellant did not file a timely motion for extension of time to file
his notice of appeal as authorized by Texas Rule of Appellate Procedure 26.3.
             On December 20, 2004, this Court notified Appellant, pursuant to Texas Rules of Appellate
Procedure 26.2 and 37.2, that the clerk’s record does not show the jurisdiction of this Court.
Appellant was further notified that the appeal would be dismissed unless the information were
amended on or before December 30, 2004 to show the jurisdiction of this Court. The deadline for
responding to this Court’s has passed, and Appellant has neither responded to the notice or otherwise
demonstrated the jurisdiction of this Court. Because this Court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
            The appeal is dismissed for want of jurisdiction. 
Opinion delivered January 12, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



































(DO NOT PUBLISH)